

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Attention: Mr. T. P. Walker

Dear Sir:

Opinion No. 0-3690
Re: Whether superintendent of in-
dependent school district may
at the same time serve as secre-
tary of the board of trustees.

We have received your letter of October 9, 1941, which we quote in part as follows:

"We have a written request from the school board of the Cameron Independent School District, asking that we pass this question to you for an opinion as to whether or not the superintendent of the school system of an independent school dis-trict may also be the legal secretary of the school board of the district."

Article 2779, Revised Civil Statutes, provides for the appointment of a secretary for the board of trustees of an indepen-dent school district. Said article reads as follows:

"Said trustees shall meet within twenty days after the election, or as soon thereafter as possi-ble, for the purpose of organizing. A majority of said board shall constitute a quorum to do business. They shall choose from their number a president, and they shall choose a secretary, a treasurer, as-sessor and collector of taxes, and other necessary officers and committees."

The employment of a superintendent is governed by Arti-cle 2781, Revised Civil Statutes, which we quote as follows:

Honorable L. A. Woods, page 2

"The Board of trustees of any city or town or any independent school district may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed three years, provided that the Board of Trustees of an independent school district which had a scholastic population of 5,000 or more in the last preceding scholastic year may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed five years. All twelve-month contracts made by trustees of independent school districts with employees herein mentioned shall begin on July first and end on June 30th of the year terminating the contract."

You want to know whether the superintendent of schools may also serve as secretary of the board of trustees. We are of the opinion that he cannot.

It is settled law in Texas that the same person cannot hold two incompatible offices. 34 Tex. Jur. 351; Kugle v. Glen Rose Independent School District, 50 S.W. (2d) 375. Offices are incompatible if the duties attached to one are inconsistent or in conflict with the duties attached to the other. Thomas v. Abernathy County Line Independent School District, 290 S.W. 152.

We believe that the duties attached to the office of superintendent of an independent school district are inconsistent with those of secretary to the board of trustees of such district. We quote the following from the opinion in the Abernathy case, cited above:

"In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory and supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits...."
(Emphasis supplied)

The secretary generally signs contracts made by the board of trustees and warrants of the district to its teachers and employees. If the secretary were also superintendent, he would then,

Honorable L. A. Woods, page 3

as secretary, sign his own contract and the warrant to him in his capacity as superintendent. The secretary is responsible for the minutes of the various meetings of the board, and he must be present at the meetings to record what transpired therein. He would be present when matters relating to him as superintendent would be discussed. He would be in a position to influence members of the board, and they could not act as freely were the superintendent totally disconnected with their meetings. While we must presume that he would carry out the duties of both offices properly and according to law, this presumption does not eliminate the above mentioned inconsistencies.

It is the opinion of this department, therefore, that the offices are incompatible. Accordingly, your question is answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 18, 1941

FIRST ASSISTANT
ATTORNEY GENERAL
GWS:db

By

George W. Sparks
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN